IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-20 |
| v. | ) | |
| | ) | |
| SCOTT WOMBOLD, | ) | |
| | ) | (THAPAR / GUYTON) |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Wombold's Motion to Dismiss Counts 11 through 13 on Grounds of Duplicity [Doc. 80], filed on September 30, 2016. In this motion, the Defendant asks the Court to dismiss Counts 11 through 13 of the Indictment because each of these counts charge multiple allegedly false statements made in violation of 18 U.S.C. § 1001. On October 4, 2016, the Government brought a Superseding Indictment. Thereafter, the Government responded [Doc. 113] that the changes to the allegations in Counts 11 through 13 cured the problems alleged by Defendant Wombold. It asked that the Court deny the motion as moot. On November 28, 2016, Defendant Wombold filed a reply brief [Doc. 116] agreeing with the Government that the Superseding Indictment cured the problems in Counts 11 through 13 and conceding that his motion to dismiss these counts should be denied as moot.

1

The parties appeared before the undersigned for a motion hearing on December 16, 2016. Assistant United States Attorneys F.M. Hamilton, III, and David P. Lewen appeared on behalf of the Government. Attorneys Eli Richardson and Robert Platt represented Defendant Wombold, who was excused from the hearing. Mr. Richardson stated that the filing of the Superseding Indictment was an appropriate procedural response to his arguments that Counts 11 through 13 were duplicitous. The parties agreed that Defendant Wombold's motion could be denied as moot.

The undersigned finds that Defendant Wombold and the Government agree that the changes to Counts 11 through 13 in the Superseding Indictment resolve Defendant Wombold's allegations that these counts were duplicitous. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant Wombold's Motion to Dismiss Counts 11 through 13 on Grounds of Duplicity [**Doc. 80**] be denied as moot.[1]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).